FILED ___ ENTERED
___ LODGED ___ RECEIVED

OCT 18 2013

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      \*
                              \*
v.                            \*
                              \*   Crim. No.:   PJM 98-0313
FERNANDO R. WARE              \*
                              \*
Defendant                     \*

## MEMORANDUM OPINION

Fernando R. Ware, *pro se*, moves under 18 U.S.C. §3582(c)(2) to reduce his criminal sentence pursuant to the Fair Sentencing Act [Paper No. 86]. After reviewing the Motion, and the information provided by the United States Probation Office as adopted by the Government, for the reasons that follow, the Court will **DENY** Ware's motion.

### I.

On February 11, 2000, a jury found Ware guilty of one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base ("Count One"), 21 U.S.C. §846, and one count of Possession with Intent to Distribute Cocaine Base ("Count Two"), 21 U.S.C. §841(a)(1). When Ware was arrested, he was in possession of 1001.95 grams of cocaine base. At sentencing, his base offense level under the Sentencing Guidelines was found to be 36. *See* U.S. Sentencing Guidelines Manual §2D1.1(c)(2) (2000) (at least 500 grams but less than 1.5 kg of cocaine base). No adjustments were made to the base offense level at sentencing and the two counts were grouped together. Ware's sentence was determined from the most serious count, Count One. According to the Sentencing Guidelines, the range of imprisonment for Count One, given Ware's criminal history category of III, was 235 – 293 months. He was sentenced to the minimum – 235 months.

On April 4, 2008, Ware filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to 18 U.S.C. §3582(c)(2). His base offense level was recalculated under the new Sentencing Guidelines and was found to be 34. *See* U.S. Sentencing Guidelines Manual §2D1.1(c)(3) (2008) (at least 500 grams but less than 1.5 kg of cocaine base). Accordingly, under the Sentencing Guidelines, the range of imprisonment for Count One, with Ware's criminal history category of III, was found to be 188 – 235 months, and Ware's sentence was reduced to the minimum, 188 months.

On October 27, 2011, Ware filed a second Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to the Fair Sentencing Act.

The U.S. Probation Office has reviewed Ware's most recent Motion and determined that he is not eligible for another sentence reduction, because the quantity of cocaine base results in the same base offense level, 34, under the current Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual §2D1.1(c)(3) (2012) (at least 840 grams but less than 2.8 kg of cocaine base). The Government agrees with the position of the Probation Office.

## II.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. That Amendment, addressing crack cocaine-related drug offenses, reduced by two levels the base offense level assigned to each threshold quantity of crack listed in the Guidelines' Drug Quantity Table. Thereafter, the Commission made Amendment 706 retroactive, effective March 3, 2008. *See United States v. Munn*, 595 F.3d 183, 185-86 (4th Cir. 2010). Amendments 748 (eff. Nov. 1, 2010), 750 (eff. Nov. 1, 2011), and 759 (eff. Nov. 1, 2011) to the Sentencing Guidelines were adopted in connection with the enactment of the Fair Sentencing Act of 2010 ("FSA") Pub.L. No. 111–220, 124 Stat. 2372 (August 3, 2010).

Subsequent to that, Amendment 750 amended the drug quantity table in Section 2D1.1(c) to reduce offense levels in crack cocaine cases. *See* U.S.S.G. App. C, Amend. 750. It was made retroactive by Amendment 759. *See id.*, Amend. 759.

Pursuant to 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. 18 U.S.C. § 3582(c)(2). Upon consideration of such a motion, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

"The policy statement pertinent to a motion under [S]ection 3582(c) is [S]ection 1B1.10 of the Sentencing Guidelines Manual." *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir. 2010). The amendments to the Drug Quantity Table established by Amendment 750 are among the "covered" amendments set forth in U.S.S.G. § 1B1.10(c). "Pursuant to §1B.10(a)(2)(B), however, '[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.'" *Wade v. United States*, No. DKC 12-2442, 2013 WL 3168721 at *5 (D. Md. June 19, 2013).

### III.

Ware has already received a sentence reduction pursuant to Amendment 706 of the Sentencing Guidelines and now seeks a further reduction based on Amendments 750 and 759. However, under Amendment 750 to the Sentencing Guidelines, and as noted by the U.S.

Probation Office in its review of Ware's Motion, his recalculated offense level does not change. His base offense level remains at level 34, the same base offense level used when his sentence was adjusted in 2008. Because Amendment 750 did not "have the effect of lowering [Petitioner's] applicable guideline range," a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B.10 (a)(2)(B). Accordingly, the Court will deny Ware's Motion.

## IV.

For the foregoing reasons, Ware's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(2) [Paper No. 86] is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

October 17, 2013